# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**METALCRAFT OF MAYVILLE, INC.,**

     **Plaintiff,**

 **v.**            **Case No. 08-C-053**

**INTERNATIONAL ASSOCIATION
OF MACHINISTS AND AEROSPACE
WORKERS LOCAL LODGE NO. 2053
OF DISTRICT LODGE 121,**

     **Defendant.**

---

# DECISION AND ORDER

---

This matter comes before the Court on cross-motions to confirm and vacate an arbitration award. For the following reasons, the motion to confirm is granted and the motion to vacate is denied.[1]

## BACKGROUND

Metalcraft of Mayville ("Metalcraft") fired one of its employees, Tammy Dorn ("Dorn"), for allegedly threatening to shoot a co-worker with a gun. Pursuant to Metalcraft's collective bargaining agreement with the International Association of Machinists and Aerospace Workers Local Lodge No. 2053 of District Lodge 121 (the "Union"), the Union filed a grievance protesting Dorn's discharge. Metalcraft denied the grievance and the matter

---

[1] The Defendant also filed a motion for leave to file a sur-reply, which the Court will grant.

proceeded to arbitration. The collective bargaining agreement provided that Metalcraft must have "just cause" to terminate an employee and that the arbitrator had authority to decide questions pertaining to the meaning and application of the agreement terms.

Arbitrator Dennis P. McGilligan (the "Arbitrator") conducted a hearing and found that on August 24, 2006, Dorn came to work in an extremely agitated state. Specifically, she kept up a "rolling commentary" about how people were trying to extort money from her. (Compl.¶ 12, Ex. 2, at 10.) When one of her co-workers, Keri Van Bever, complained to Dorn about some of her own familial problems, Dorn responded, "It's about time you had some chaos in your life." (*Id*. at 3.) Another co-worker, Julie Voss, then approached Dorn and asked, "What if you had a gun?" Voss testified that Dorn said, "If I could get a gun [I'd] use it." (*Id*.) Dorn denied Voss's testimony, but rather testified that she told Voss, "I don't have any guns and I wouldn't do anything like that." (*Id*.) The Arbitrator found that Voss was not a credible witness, but determined that Dorn may have mentioned having a gun to Van Bever, which could have been reasonably interpreted as a general threat. (*Id*. at 10.)

Other than the one day in question, Dorn was "an excellent worker, on time to work, quiet, [and] gentle." (*Id*. at 15.) Dorn also had no prior disciplinary record. (*Id*. at 14.) Accordingly, because Dorn's alleged threat was an isolated incident and only general in nature, the Arbitrator found that Metalcraft did not have a sufficient reason to terminate her. Instead, the Arbitrator found that a 5-day suspension was the appropriate punishment, and

2

ordered Metalcraft to reinstate her as an employee. He also ordered Metalcraft to pay Dorn her back wages.

## DISCUSSION

Judicial review of arbitration awards under collective bargaining agreements is generally extremely limited. *Amax Coal Co. v. United Mine Workers of Am., Int'l Union*, 92 F.3d 571, 575 (7th Cir. 1996). However, Metalcraft argues that the arbitration award directing it to reinstate Dorn violates public policy. While the merits of a grievance are for an arbitrator, the question of public policy is wholly independent from the collective bargaining agreement and is ultimately one for the courts. *Chrsyler Motors Corp. v. Int'l Union, Allied Industrial Workers of Am., AFL-CIO*, 959 F.2d 685, 687 (7th Cir. 1992). The public policy doctrine allows the Court to decide *de novo* whether the arbitrator's reinstatement of Dorn violates public policy. *Id.*

Employers' duty to provide a safe workplace is well-established. *See, e.g.,* Wis. Stat. § 101.11(1) ("Every employer shall furnish employment which shall be safe for the employees therein . . . ."). Nevertheless, re-instating Dorn in these circumstances does not violate that policy.

In *Chrysler*, an arbitrator reinstated an employee who sexually assaulted a co-worker and instead ordered that the employee serve a 30-day suspension. 959 F.2d at 686. The Seventh Circuit upheld the arbitrator's decision because the employee had not received any warning or discipline for any previous misconduct, and there was no evidence that the

3

employee was incapable of being rehabilitated. *Id*. at 688-89. The court held that the 30-day suspension was adequate. *Id*. at 689.

Like the employee in *Chrysler*, this is Dorn's first offense of an alleged threat of violence at the workplace. Furthermore, like the arbitrator in *Chrysler*, the arbitrator here did not find that Dorn would be a threat to herself or others in the future. Dorn's threat was an isolated incident and was not as severe as her co-worker alleged. Accordingly, the arbitrator's decision to reinstate Dorn did not violate public policy.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Metalcraft's Motion to Vacate the Arbitration Award (Docket No. 3) is **DENIED**.

The Defendant's Motion for Leave to File a Sur-Reply (Docket No. 18) is **GRANTED**.

The Defendant's Motion to Confirm the Arbitration Award (Docket No. 9) is **GRANTED**.

The clerk is directed to enter judgment and close this case accordingly.

Dated at Milwaukee, Wisconsin this 7th day of July, 2008.

**BY THE COURT**

*s/ Rudolph T. Randa*
**Hon. Rudolph T. Randa**
**Chief Judge**

4