**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**METALCRAFT OF MAYVILLE, Inc.,**

                Plaintiff,

                                          **Case No. 08-C-53**

       -vs-

**INTERNATIONAL ASSOCIATION OF**
**MACHINISTS AND AEROSPACE WORKERS**
**LOCAL LODGE NO. 2053 OF DISTRICT LODGE 121,**

                Defendant.

---

## DECISION AND ORDER

      Metalcraft of Mayville, Inc. ("Metalcraft") filed this action in an attempt to vacate an arbitrator's ruling that reinstated an employee (Tammy Dorn) who was fired for allegedly threatening to shoot a co-worker with a gun. On July 7, 2008, the Court denied this request and affirmed the arbitrator's ruling for reinstatement. Now before the Court is the Union's motion for attorney's fees. For the reasons that follow, this motion is granted.

      Procedurally, the Union's motion complies with Fed. R. Civ. P. 54(d)(2)(B)(i-iv) (among other requirements, claim for attorney's fees must be filed no later than 14 days after the entry of judgment and specify the judgment and the statute, rule, or *other grounds entitling the movant to the award*) (emphasis added). Metalcraft argues that the Union is pursuing a "disguised" Rule 11 motion, which would be procedurally improper because of the specific filing requirements of that rule. *See* Fed. R. Civ. P. 11(c). However, the express basis for the Union's motion is the common law interpreting § 301 of the Labor Management

Relations Act, under which "a prevailing party is entitled to [attorney's] fees if the Opponent's suit has no merit or is 'frivolous,' that is, brought in bad faith to harass rather than to win." *Chrysler Motors Corp. v. Int'l Union, Allied Industrial Workers*, 959 F.2d 685, 690 (7th Cir. 1992). The Union's motion is not a disguised Rule 11 motion.

A prevailing union may be awarded attorney's fees and costs incurred in enforcing an arbitration award where the company's lawsuit to vacate an arbitration award was "untenable and meritless." *Jasper Cabinet Co. v. United Steel Workers, Upholstery & Allied Div.*, 77 F.3d 1025, 1031 (7th Cir. 1996). Stated another way, an "unjustified refusal to abide by an arbitrator's award may equate to an act taken in bad faith, vexatiously or for oppressive reasons." *Int'l Union of Petroleum & Indus. Workers v. Western Indus. Maintenance, Inc.*, 707 F.2d 425, 428 (9th Cir. 1983). In order to promote judicial economy, as well as the finality of a collectively bargained arbitration process, courts should "award attorney's fees against parties that challenge arbitration awards without basis . . . more freely . . . than in other cases of groundless litigation." *Dreis & Krump Mfg. Co. v. Int'l Ass'n of Machinists & Aero. Workers*, 802 F.2d 247, 254-55 (7th Cir. 1986).

Metalcraft argued that the Court should overturn the arbitrator's ruling for reinstatement because it violated the public policy requiring an employer to provide a safe workplace. The Court rejected this argument pursuant to *Chrysler Motors*, 959 F.2d at 687, which denied a public policy challenge to reinstatement of an employee who sexually assaulted a co-worker. "Like the employee in *Chrysler*, this is Dorn's first offense of an alleged threat of violence at the workplace. Furthermore, like the arbitrator in *Chrysler*, the

arbitrator here did not find that Dorn would be a threat to herself or others in the future. Dorn's threat was an isolated incident and was not as severe as her co-worker alleged. Accordingly, the arbitrator's decision to reinstate Dorn did not violate public policy." D. 22, Decision and Order at 4.

The Court's authority to vacate an arbitration award as a violation of public policy is extremely narrow. *See DBM Technologies v. Local 227, UFCW*, 257 F.3d 651, 659 (6th Cir. 2001). A refusal to enforce an arbitration award is justified only if actual enforcement of the award would violate public policy. *See, e.g., United Paperworks Int'l Union v. Misco, Inc.*, 484 U.S. 29, 43 (1987); *Tennessee Valley Authority v. Tennessee Valley Trades & Labor*, 184 F.3d 510, 520 (6th Cir. 1999) ("the issue is not whether grievant's conduct for which he was disciplined violated some public policy or law, but rather whether the award requiring . . . reinstatement . . . violated some explicit public policy"). What makes Metalcraft's action frivolous is that it merely represents their disagreement with the factual findings of the arbitrator, who did not find that Dorn was a "a threat to herself or others in the future." *See, e.g., Chrysler Motors*, 959 F.2d at 689 n.4 ("reviewing court cannot disregard [the arbitrator's] factual determinations or supplement them with its own"); *Misco*, 484 U.S. at 45 ("parties did not bargain for the facts to be found by a court, but by an arbitrator chosen by them who had more opportunity to observe . . . and to be familiar with the plant and its problems"). In other words, Dorn's reinstatement could not violate public policy because the arbitrator determined that she was not a threat to workplace safety going forward.

When placed against these well-established principles of labor law, the Court has no trouble concluding that Metalcraft should be sanctioned for filing this frivolous lawsuit. "A company dissatisfied with the decisions of labor arbitrators need not include an arbitration clause in its collective bargaining contracts, but having agreed to include such a clause it will not be permitted to nullify the advantages to the union by spinning out the arbitral process unconscionably through the filing of meritless suits and appeals. For such conduct the law authorizes sanctions . . ." *Dreis & Krump* at 255.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** the Union's motion for $9,337.50[1] in attorney's fees [D. 24] is **GRANTED**.

Dated at Milwaukee, Wisconsin, this 13th day of January, 2009.

                                             **SO ORDERED,**

                                             *s/ Rudolph T. Randa*
                                             **HON. RUDOLPH T. RANDA**
                                             **Chief Judge**

---

[1] Metalcraft does not challenge the reasonableness of the Union's fees, but the Court finds that the amount of fees are reasonable.